# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 25-1735 |
| **Originating No. & Caption** | No. 8:24-cv-02866-TDC, General Conference v. Horton |
| **Originating Court/Agency** | U.S. District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1292(a)(1) | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | June 18, 2025 | |
| Date notice of appeal or petition for review filed | June 25, 2025 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ○ Yes | ◉ No |
| If appeal is not from final judgment, why is order appealable? This is an appeal from an order denying a preliminary injunction, which is an appealable interlocutory order under 28 U.S.C. 1292(a)(1). | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | Doe v. CRS (4th Cir. No. 25-1569) | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ● Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See attached additional information. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Whether the district court erred in denying Appellants a preliminary injunction by finding that Appellants were not likely to succeed on the merits of their claims that the MFEPA violated their rights under the Establishment and Free Exercise Clauses of the First Amendment.<br><br>2. Whether the district court erred in dismissing Appellants' claims that the MFEPA violated the Establishment, Free Exercise, Free Speech, and Assembly Clauses of First Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Cleveland L. Horton, II, in his official capacity as Director of the MCCR<br>Attorney: Various (see attached)<br>Address: Various (see attached)<br><br>E-mail: Various (see attached)<br>Phone: Various (see attached) | Adverse Party: Glendora C. Hughes, in her official capacity as General Counsel of the MCCR<br>Attorney: Various (see attached)<br>Address:<br><br>E-mail: Various (see attached)<br>Phone: Various (see attached) |
| **Adverse Parties (continued)** ||
| Adverse Party: Stephanie Sureth, in her official capacity as a member of the MCCR<br>Attorney: Various (see attached)<br>Address: Various (see attached)<br><br>E-mail: Various (see attached)<br>Phone: Various (see attached) | Adverse Party: Janssen E. Evelyn, in his official capacity as a member of the MCCR<br>Attorney: Various (see attached)<br>Address: Various (see attached)<br><br>E-mail: Various (see attached)<br>Phone: Various (see attached) |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: General Conference of Seventh-day Adventists, an unincorporated association<br>Attorney: Various (see attached)<br>Address: Various (see attached)<br><br>E-mail: Various (see attached)<br><br>Phone: Various (see attached) | Name: Adventist Risk Management, Inc.<br>Attorney: Various (see attached)<br>Address: Various (see attached)<br><br>E-mail: Various (see attached)<br><br>Phone: Various (see attached) |

| **Appellant (continued)** ||
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br>E-mail:<br><br>Phone: |

Signature: /s/ Eric S. Baxter    Date: 7/15/2025

Counsel for: Plaintiffs-Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|  |  |
|---|---|
|  |  |

Signature:    Date:

**DOCKETING STATEMENT SUPPLEMENTAL INFORMATION**

**Nature of the Case:**

This case asks whether the First Amendment guarantees churches and their affiliated religious organizations the freedom to hire and retain only employees who uphold their religious beliefs and support their religious mission.

Appellants are the General Conference of Seventh-day Adventists ("General Conference") and Adventist Risk Management ("ARM"), the insurance and risk management arm of the Seventh-day Adventist Church (the "Church"). Appellants have long hired and employed only those who are members of the Church in good standing and support their religious mission. This employment practice is essential for Appellants' religious exercise, as all employees are representatives of the Church and thus must be models of the faith and witnesses to the Church's truths. Until two years ago, Maryland law has always protected Appellants' right to make employment decisions based on religious belief and affiliation. But in 2023, the Maryland Supreme Court re-interpreted the religious exemption in the Maryland Fair Employment Practices Act (MFEPA). Now, Appellants risk legal liability unless they hire employees regardless of each employee's religious beliefs or convince a court that the specific employee's role "directly" advances a "core mission" of the Church.

Appellants sued the members of the Maryland Commission on Civil Rights and the Maryland Attorney General in their official capacities ("Defendants"), alleging violations of the First, Fifth, and Fourteenth Amendments of the federal Constitution. Seeking protection from the active enforcement of the newly interpreted MFEPA, Appellants filed for a preliminary injunction on October 4, 2024. Defendants moved to dismiss Appellants' complaint on November 11, 2024. The district court denied Appellants' motion for preliminary injunction and granted Defendants' motion to dismiss in part in a single order dated June 18, 2025. This appeal followed.

**Adverse Parties Continued:**

Eileen M. Levitt, in her official capacity as a member of the Maryland Commission on Civil Rights;

Angela Scott, in her official capacity as a member of the Maryland Commission on Civil Rights;

Magdalena S. Navarro, in her official capacity as a member of the Maryland Commission on Civil Rights**;**

Jeff Rosen, in his official capacity as a member of the Maryland Commission on Civil Rights;

Gina McKnight-Smith, in her official capacity as a member of the Maryland Commission on Civil Rights;

Noah Thomas Metheny, in his official capacity as a member of the Maryland Commission on Civil Rights;

Anthony G. Brown, in his official capacity as the Attorney General of the state of Maryland.

**Adverse Parties' Attorneys & Contact Information:**

Jeffrey Luoma
Maryland Office of the Attorney General
200 St. Paul Place
20th Floor
Baltimore, MD 21202
(410) 576-6441
jluoma@oag.state.md.us

Joshua Morris Segal
Office of the Attorney General
200 Saint Paul Place
Baltimore, MD 21202
410-576-6446
jsegal@oag.state.md.us

**Appellants' Attorneys & Contact Information:**

Eric S. Baxter
Nicholas R. Reaves
Andrea R. Butler
Amanda G. Dixon
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
(202) 955-0095
ebaxter@becketfund.org
nreaves@becketfund.org
abutler@becketfund.org
adixon@becketfund.org


Todd R. McFarland
General Conference of Seventh-day Adventists
12501 Old Columbia Pike
Silver Spring, MD 20904
(301) 680-6000
mcfarlandt@gc.adventist.org