No. 25-1735

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS, AN UNINCORPORATED ASSOCIATION; ADVENTIST RISK MANAGEMENT, INC.,

*Plaintiffs-Appellants,*

v.

CLEVELAND L. HORTON, II; GLENDORA C. HUGHES; STEPHANIE SUERTH; NOAH THOMAS METHENY; ANTHONY G. BROWN,

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Maryland, Southern Division
Case No. 8:24-cv-02866 – Hon. Theodore D. Chuang

## APPELLANTS' MOTION TO EXPEDITE APPEAL

Todd R. McFarland
GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS
12501 Old Columbia Pike
Silver Spring, MD 20904
*mcfarlandt@gc.adventist.org*

Eric S. Baxter
Nicholas R. Reaves
Andrea R. Butler
Amanda G. Dixon
THE BECKET FUND FOR RELIGIOUS
  LIBERTY
1919 Pennsylvania Ave, N.W.
  Suite 400
Washington, DC 20006
(202) 955-0095
*ebaxter@becketfund.org*

*Counsel for Plaintiffs-Appellants*

## INTRODUCTION

Plaintiffs-Appellants General Conference of Seventh-day Adventists and Adventist Risk Management (ARM) respectfully request that this Court expedite consideration of this appeal, pursuant to Fourth Circuit Rule 12(c). Following the conclusion of the briefing schedule already entered in this case, Appellants respectfully request that the Court calendar this matter for oral argument during its December 2025 sitting, or the first available date thereafter.

The General Conference is the global headquarters of the Seventh-day Adventist Church, and ARM is a non-profit religious organization that provides insurance services exclusively to the Church and its ministries. Both have always hired only employees who are practicing members of their faith. Appellants seek a preliminary injunction against Defendants' enforcement of the Maryland Fair Employment Practices Act (MFEPA) in a manner that would violate their First Amendment rights. The district court denied Appellants' request for a preliminary injunction, leaving Appellants exposed to liability for their religiously motivated hiring practices. Expedited consideration is necessary to prevent irreparable harm to Appellants' First Amendment rights.

Oral argument is merited given that the appeal involves questions of first impression for this Court regarding the First Amendment. The parties can present this appeal on the existing record, as all necessary transcripts have already been filed with the district court. Counsel for

1

Defendants-Appellees were informed of the intended filing of this motion and indicated they will file a response in opposition.

## FACTUAL BACKGROUND

The General Conference is the global headquarters of the Seventh-day Adventist Church, and ARM is a non-profit religious organization that provides insurance and risk-management services exclusively to the Church and its ministries. As organizations embodying the Seventh-day Adventist Church, Appellants have long hired and employed only individuals who are members of the Church in good standing and who support their religious mission. This employment practice is essential for Appellants' religious exercise, as they believe all employees are representatives of the Church and thus models of the faith and witnesses to the Church's truths.

Until two years ago, Maryland law always protected Appellants' right to make employment decisions based on religious belief and affiliation. But in August 2023, the Maryland Supreme Court re-interpreted the exemption in the MFEPA's non-discrimination requirements that allowed religious organizations to employ only members of their own faith. Now, Appellants risk legal liability unless they hire employees regardless of each employee's religious beliefs or convince a court that the specific employee's role "directly" advances a "core mission" of the Church.

2

Appellants sued the members of the Maryland Commission on Civil Rights and the Maryland Attorney General in their official capacities ("Defendants"), alleging violations of the First, Fifth, and Fourteenth Amendments of the federal Constitution. ECF No. 1. Seeking protection from enforcement of the newly interpreted MFEPA, Appellants filed for a preliminary injunction on October 4, 2024. ECF No. 15. Defendants moved to dismiss Appellants' complaint on November 11, 2024. ECF No. 27. In a single order dated June 18, 2025, the district court denied the Appellants' motion for preliminary injunction and granted in part the Defendants' motion to dismiss. ECF No. 40. This appeal follows.

## ARGUMENT

This Court "shall expedite the consideration of … any action for … preliminary injunctive relief" or "if good cause therefor is shown." 28 U.S.C. § 1657(a). "'[G]ood cause' is shown if a right under the Constitution of the United States or a Federal Statute … would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* Both of these statutory requirements are met here.

First, Appellants appeal a denial of preliminary injunctive relief. Accordingly, the straight-forward application of 28 U.S.C. § 1657(a) requires the Court to "expedite [its] consideration."

Second, "good cause" exists to expedite the appeal, because the Maryland Supreme Court's interpretation of the MFEPA violates

3

Appellants' First Amendment rights—indisputably "right[s] under the Constitution of the United States." *Id.* "[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Mahmoud v. Taylor*, No. 24-297, 606 U.S. ---, 2025 WL 1773627, at *24 (June 27, 2025).

Appellants contend that Maryland's new interpretation of the MFEPA violates their First Amendment rights in at least three ways, making clear that constitutional rights are at stake here. First, the MFEPA violates the church autonomy doctrine by interfering with Appellants' mission-aligned hiring practices, which are motivated by "faith and doctrine" and part of the "sphere" of protected "internal management decisions that are essential to the institution's central mission." *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 746 (2020). Second, the Maryland Supreme Court's test for determining whether an employee falls within the MFEPA's exemption "give[s] rise to 'excessive government entanglement' with religious institutions." *Rayburn v. Gen. Conf. of Seventh-day Adventists*, 772 F.2d 1164, 1169 (4th Cir. 1985). Third, the MFEPA violates the Free Exercise Clause by burdening Appellants' religious exercise in restricting their mission-aligned hiring practices. The MFEPA lacks general applicability because it permits comparable secular exceptions in the form of categorical exceptions *and* case-by-case exceptions. *See e.g.* Md. Code, State Gov't § 20-601(d)(1)(i)(2) (exempting employers with fewer than fifteen employees); Md. Code,

4

State Gov't § 20-605(a)(1) (exempting hiring decisions on a case-by-case basis for "bona fide occupational qualification[s]"). MFEPA thus triggers—and ultimately fails—strict scrutiny.

Finally, this Court has granted similar relief where expedition helped avoid injury to constitutional rights. *See, e.g.*, Order, *St. Michael's Media, Inc. v. City of Baltimore*, No. 21-2206 (4th Cir. Nov. 3, 2021) (granting expedited consideration in appeal seeking injunction to preserve First Amendment rights).

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court expedite consideration of this appeal and calendar it for oral argument during its December 2025 sitting, or the first available date thereafter.

Dated: July 22, 2025                                      Respectfully submitted,

Todd R. McFarland                          /s/ Eric S. Baxter
GENERAL CONFERENCE OF                      Eric S. Baxter
SEVENTH-DAY ADVENTISTS                     Nicholas R. Reaves
12501 Old Columbia Pike                    Andrea R. Butler
Silver Spring, MD 20904                    Amanda G. Dixon
*mcfarlandt@gc.adventist.org*              THE BECKET FUND FOR RELIGIOUS
                                              LIBERTY
                                           1919 Pennsylvania Ave, N.W.
                                              Suite 400
                                           Washington, DC 20006
                                           (202) 955-0095
                                           *ebaxter@becketfund.org*

*Counsel for Plaintiffs-Appellants*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, in compliance with Federal Rule of Appellate Procedure 25 and Local Rule 25(a)(4).

/s/ Eric S. Baxter
Eric S. Baxter

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

This document complies with type-volume limits because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 949 words.

This document complies with the typeface requirements because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: July 22, 2025                /s/ Eric S. Baxter
                               Eric S. Baxter