IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS, et al., | * * * | |
| *Plaintiffs-Appellants*, v. | * * | No. 25-1735 |
| CLEVELAND L. HORTON, II, et al., | * * | |
| *Defendants-Appellees*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## APPELLEES' RESPONSE TO MOTION TO EXPEDITE APPEAL

As explained below, appellees do not oppose expediting oral argument in this appeal to the Court's January 2026 session or thereafter, on the basis that this is an appeal from a denial of preliminary injunctive relief. Appellees believe that calendaring oral argument for that session (but not the December 2025 session) would be consistent with the modifications to the briefing schedule for which the parties are jointly moving today.

1.  Appellees agree that expediting consideration of this appeal is appropriate on the basis of the statement in 28 U.S.C. § 1657(a) that a court "shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief."

1

2.     Appellees do not believe, though, that good cause would otherwise independently justify expedition in the absence of the provision in § 1657(a) specific to actions for preliminary injunctive relief. Appellants are not likely to succeed on the merits (as the district court explained), and their claims would require expanding First Amendment rights beyond the scope currently recognized by this Court and the Supreme Court. (ECF 40, at 11-29.) As to irreparable harm, the injunction motion identified no threat of enforcement against appellants; further, rather than assert that they have been deterred from exercising constitutional rights while this litigation is pending, appellants acknowledged that they had continued to engage in the conduct that they claim is constitutionally protected. (ECF 40, at 30.)

3.     Because of the statement in 28 U.S.C. § 1657(a) that a court "shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief," however, appellees agree that expedition of this appeal from denial of a preliminary injunction is appropriate irrespective of whether good cause would otherwise exist. For that reason, appellees do not oppose expediting the oral argument in this appeal to the Court's January 2026 session or thereafter. Appellees believe that expediting the oral argument in this fashion would be consistent with the modifications to the briefing schedule that the parties are jointly proposing today.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

JOSHUA M. SEGAL
Principal Deputy Solicitor General
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
jsegal@oag.state.md.us
(410) 576-6446

Attorneys for Appellees

## CERTIFICATE OF COMPLIANCE

1. This response complies with the type volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 341 words, excluding the parts of the response exempted by Rule 32(f).

2. This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6) because this response has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen point, Times New Roman.

/s/ Joshua M. Segal
_____
Joshua M. Segal

## CERTIFICATE OF SERVICE

I certify that on this 29th day of July, 2025, the foregoing Response to Motion to Expedite Appeal was electronically filed using the Court's CM/ECF system, which will effect service on counsel of record who are registered CM/ECF users.

/s/ Joshua M. Segal

Joshua M. Segal