

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 *@becketfund*
www.becketfund.org

December 4, 2025

**VIA CM/ECF**

Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

> **Re:** ***General Conference of Seventh-day Adventists, et al. v. Horton, et al.*, No. 25-1735**
>
> *MoChridhe v. Academy of Holy Angels, et al.*, No. A25-0559 (Minn. Ct. App. Dec. 1, 2025) (Ex. 1)

Dear Ms. Anowi,

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellants submit *MoChridhe v. Academy of Holy Angels*, No. A25-0559 (Minn. Ct. App. Dec. 1, 2025), as supplemental authority. The plaintiff MoChridhe—a librarian at a Catholic school and non-ministerial employee—informed the school she was undergoing a gender transition. Ex. 1 at 4. The school declined to renew her employment contract after MoChridhe conceded she could not adhere to the school's "Guiding Principles" embodying the "foundational beliefs of the Catholic Church," including teachings regarding gender identity. *Id.* at 5, 8. MoChridhe sued the school and the Archdiocese of St. Paul and Minneapolis for employment discrimination. *Id.* at 9.

The Minnesota Court of Appeals held that the church autonomy doctrine barred MoChridhe's claims. The court determined that the claims would require "the judiciary to consider the role that church doctrine played in the decision" not to renew MoChridhe's contract, as well as "the Archdiocese's decision to require an employee in one of its Catholic schools to adhere to its faith-based Guiding Principles." *Id.* at 14. The court explained: "Given the significant role that the Catholic faith plays in Catholic education and the church's mission … requiring the Archdiocese to employ a person" in its schools "who admittedly cannot



abide by" the Church's beliefs "would interfere with an internal church decision that affects the faith and mission of the church itself." *Id.* at 17.

The court also determined that MoChridhe's claims would "entangle church and state in a way that is constitutionally intolerable." *Id.* at 18. Courts could not grant relief—declaring that "the Archdiocese's implementation of Catholic doctrine in Catholic schools [is] illegal" and monitoring the Church's abandonment of that doctrine in its schools—without "foster[ing] excessive governmental entanglement with religion." *Id.* at 18-19.

Likewise, here, MFEPA interferes with the Church's internal decision that all employees must represent and advance its beliefs, Br.5-11, an issue that "affects the faith and mission of the church itself," Ex. 1 at 17. That interference with the Church's implementation of its beliefs similarly entangles government with religion. *Id.* at 18-19; Br.32-36.

Word Count: 348

Respectfully submitted,

/s/ *Eric S. Baxter*

Todd R. McFarland
GENERAL CONFERENCE OF
 SEVENTH-DAY ADVENTISTS
12501 Old Columbia Pike
Silver Spring, MD 20904

Eric S. Baxter
Nicholas R. Reaves
Andrea R. Butler
Amanda G. Dixon
THE BECKET FUND FOR
 RELIGIOUS LIBERTY
1919 Pennsylvania Ave, N.W.
 Suite 400
Washington, DC 20006
(202) 955-0095
*ebaxter@becketfund.org*

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record (by ECF notification)