**CAROLYN A. QUATTROCKI**
*Chief Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CARRIE J. WILLIAMS**
*Deputy Attorney General*

**SHARON MERRIWEATHER**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Deputy Attorney General*



**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**OFFICE OF THE SOLICITOR GENERAL**

**ANTHONY G. BROWN**
*Attorney General*

**JULIA DOYLE**
*Solicitor General*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**JOSHUA M. SEGAL**
*Principal Deputy Solicitor General*

December 19, 2025

**VIA ECF**
Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

Re:   *General Conference of Seventh-Day Adventists v. Cleveland Horton, II,* No. 25-1735

Dear Madam Clerk:

On behalf of the appellees, this letter responds to the appellants' Rule 28(j) letter (ECF 74-2) regarding *MoChridhe v. Academy of Holy Angels*, No. A25-0559 (Minn. Ct. App. Dec. 1, 2025). Despite its consistency with the plaintiffs' theory here, the Minnesota intermediate appellate court's decision is inconsistent with controlling precedent and thus does not support reversal.

First, *MoChridhe* contravenes the Supreme Court's careful articulation of the ministerial exception as the church autonomy doctrine's manifestation in the employment setting. For instance, in *Our Lady of Guadalupe School v. Morrisey-Berru*, the Court identified "selection of the individuals who play *certain key roles*" as "a component of [church] autonomy." 591 U.S. 732, 746 (2020) (emphasis added). The Court did not suggest, like *MoChridhe*, that a mere "religious reason" might shield an employment decision without regard to the nature of the employee's

December 19, 2025
Page 2

role—a principle that, if accepted, would largely overtake the ministerial exception. *See* Appellees' Br. 19-22.

Second, *MoChridhe* is inconsistent with this Court's own decisions. In *Rayburn v. General Conference of Seventh-Day Adventists*, 772 F.2d 1164 (4th Cir. 1985), for example, having stated that the application of the ministerial exception depends on "the function of the position," this Court emphasized that a church's employment decision is not immune from Title VII scrutiny "where the decision does not involve the church's spiritual functions." *Id.* at 1169, 1171; *see EEOC v. Roman Cath. Diocese of Raleigh*, 21 F.3d 795, 801 (4th Cir. 2000) (similar); Appellees' Br. 22, 26.

Third, to the extent that *MoChridhe* rests on "entanglement" as a separate basis for affirming the dismissal, the decision runs afoul of the Supreme Court's statement that it had "long ago abandoned *Lemon* [*v. Kurtzman*, 403 U.S. 602 (1971)]," the basis for a freestanding entanglement claim under the Establishment Clause. *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 535 (2022). Instead, in the employment setting, entanglement concerns find expression in the ministerial exception, and a standalone entanglement claim would circumvent that exception's limits. *See* Appellees' Br. 30-32.

Respectfully submitted,

/s/ Joshua M. Segal

_____

Joshua M. Segal

cc:    All Counsel of Record