

January 8, 2026

**VIA CM/ECF**

Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

>   Re: *General Conference of Seventh-day Adventists, et al. v. Horton, et al.*, No. 25-1735
>
>   *Union Gospel Mission of Yakima v. Brown*, No. 24-7246, ___ F.4th ___ (9th Cir. Jan. 6, 2026) (Ex. A)

Dear Ms. Anowi,

In *Yakima*, the Ninth Circuit affirmed a preliminary injunction barring Washington from enforcing its nondiscrimination law against a religious ministry's practice of hiring only co-religionists for non-ministerial positions. The court held that such enforcement violates the First Amendment's church autonomy doctrine because co-religionist hiring was an internal religious decision and government interference would undermine the ministry's mission. Ex. A at 9. The court thus emphasized that church autonomy extends beyond the ministerial exception and "shield[s] religious institutions' hiring of non-ministerial employees when it involves matters of faith and doctrine." *Id.* at 8-10, 21-22.

That holding speaks directly to Appellants' core claim here: that Maryland's restrictive interpretation of its religious exemption impermissibly interferes with the Church's autonomy by forcing it to employ individuals who do not share—and may actively reject—the Church's religious beliefs. *See* Opening Br. 19-28; Reply Br. 3-10.

*Yakima* also underscores the novelty of Maryland's position. As the Ninth Circuit explained, co-religionist hiring has long been protected under



federal law and the laws of most states, including through Title VII's religious exemption. Ex. A at 17-18. Washington—and Maryland—are "outlier[s]" in attempting to narrow those protections. Ex. A at 36 (decision "breaks no new ground" given long history of protection). The court also rejected a narrow reading of church autonomy precedent similar to the one Maryland urges here. *Compare* Ex. A at 26-31, *with* Response Br. 25-27.

*Yakima* also recognizes—contrary to Maryland's chicken-little claims—that siding with Appellants would be "a narrow ruling." Ex. A at 9. This is because the doctrine protects only the sub-set of employment decisions that are (1) rooted in a sincerely held religious belief and (2) non-pretextual. *Id.* at 24-26. Maryland here has not questioned Appellants' sincerity or claimed pretext.

Affirming the district court's ruling below would create a direct split with the Ninth Circuit on whether religious organizations can hire only co-religionists for non-ministerial roles. *See also McRaney*, 157 F.4th 627 (5th Cir. 2025) (applying church autonomy to bar employment tortious interference and defamation claims); *Bryce*, 289 F.3d 648 (10th Cir. 2002) (barring claims for workplace harassment).

Word Count: 348

Respectfully submitted,

/s/ *Eric S. Baxter*

| | |
|---|---|
| Todd R. McFarland | Eric S. Baxter |
| GENERAL CONFERENCE OF | Nicholas R. Reaves |
|   SEVENTH-DAY ADVENTISTS | Andrea R. Butler |
| 12501 Old Columbia Pike | Amanda G. Dixon |
| Silver Spring, MD 20904 | THE BECKET FUND FOR |
| |   RELIGIOUS LIBERTY |
| | 1919 Pennsylvania Ave, N.W. |
| |    Suite 400 |
| | Washington, DC 20006 |
| | (202) 955-0095 |
| | *ebaxter@becketfund.org* |



1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record (by ECF notification)